**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIRANJEET KAUR, | No. 07-74971 |
| Petitioner, | Agency No. A073-413-287 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Kiranjeet Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). We grant the petition for review and remand.

The record compels the conclusion Kaur suffered past persecution based on her arrest and detention, during which she was threatened with rape and death and kicked in her back; the arrests and interrogation of her mother; and the multiple arrests and beatings of her brother and father. *See Salazar-Paucar v. INS*, 281 F.3d 1069, 1074-75 (9th Cir.), *amended by* 290 F.3d 964 (9th Cir. 2002); *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119-21 (9th Cir. 2004).

Because Kaur established past persecution, she is entitled to a presumption that she has a well-founded fear of future persecution. *See Ahmed v. Keisler*, 504 F.3d 1183, 1197 (9th Cir. 2007). We remand for the agency to decide in the first instance whether the government has met its burden to rebut this presumption. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Melkonian v. Ashcroft*, 320 F.3d 1061, 1071 (9th Cir. 2003) (finding error in the agency's failure to consider the fact that petitioner's wife and son had both been granted asylum in the United States in evaluating the reasonableness of relocation).

**PETITION FOR REVIEW GRANTED; REMANDED.**